UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JARIBU WEBB THOMPSON,

                     Plaintiff,

- against -

NEW YORK CITY TRANSIT POLICE,
DETECTIVE RICHARD KEANE, OFFICER
SONER OZUK, OFFICER JOSEPH
NAPOLITANO, OFFICER KEVIN CAIN,
OFFICER RALPH GONZALES, OFFICER
PETER MINARCZYK, OFFICER JUAN
SANCHEZ, OFFICER EUSTACE BURKE,
OFFICER NAQUON GURLEY, and EMS
EMPLOYEE SHIELD 7248,

                     Defendants.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

08 CV 3943 (RJD) (LB)

DEARIE, District Judge.

      Plaintiff Jaribu Webb Thompson brings this Section 1983 action alleging excessive force and related state law claims against the New York City Transit Police and several officers. Compl. at 2-4. Thompson's claims arise from his May 27, 2008 arrest in downtown Brooklyn for gun possession. See ECF Criminal Docket # 1 (United States v. Thompson, 08 cr 448 (E.D.N.Y.)). Thompson filed this suit pro se on September 23, 2008; he later pleaded guilty to unlawful possession of a firearm on January 8, 2010. See ECF Criminal Docket # 25. Defendants move for partial summary judgment on Thompson's false arrest and malicious prosecution claims; his claims against Detective Keane; and his claims against the New York City Police Department. Def. Mot. Summ. J. at 1-2. Plaintiff did not file an opposition. See ECF Civil Docket # 58-61. Defendants filed a declaration stating that they served plaintiff by first class mail at the FCI Cumberland Correctional Institution in Maryland on September 1,

2011.¹ See ECF Civil Docket # 58. Defendants also copied plaintiff on a letter informing the Court that the motion was fully briefed because Thompson had not responded. See ECF Civil Docket # 62 (10/17/11). Because there is no reason to doubt that plaintiff was properly served, the Court addresses defendants' unopposed partial summary judgment motion, granting it.

The relevant undisputed facts are from defendants' Rule 56.1 Statement and plaintiff's December 3, 2010 deposition. See ECF Civil Docket # 60. On May 27, 2008, Thompson encountered two New York City police officers in downtown Brooklyn near the Fulton Mall.² Thompson, who was carrying an unlicensed gun, dropped it and ran from the officers. The officers chased Thompson into a subway station, and Thompson ran down the tracks into the tunnel. When Thompson surfaced around the Albee Square Mall, the officers arrested him for carrying an unlicensed gun.³ On January 8, 2010, Thompson pleaded guilty to unlawful possession of a firearm before Eastern District Judge Dora Irizarry. See ECF Criminal Docket # 25. Judge Irizarry sentenced Thompson to 46 months' imprisonment, which he is now serving. See ECF Criminal Docket # 36 (12/03/10).

The Court grants partial summary judgment "if the movant shows that there is no genuine dispute as to any material fact [as to those claims] and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once defendants show that the material facts are undisputed, the burden shifts to plaintiff to produce "specific facts showing that there is a genuine issue for

---

[1] Plaintiff moved to CCM New York, Community Corrections Office, on April 10, 2012. His projected release date is October 3, 2012. See Federal Bureau of Prisons Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp (last visited 05/29/12).

[2] Thompson alleges that he first encountered the police officers when they hit him with their car, which the defendant officers deny. Compare Compl. at 3 with Answer ¶ 8. However, this dispute is only relevant to plaintiff's excessive force, assault, and battery claims, which are not at issue in this motion.

[3] Thompson alleges that the officers beat him, which defendants deny. Compare Compl. at 3-4 with Answer ¶¶ 10, 12. Defendants have not moved for summary judgment on plaintiff's claims relating to his alleged beating.

2

trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (emphasis original, quoting Rule 56). If the non-movant fails to respond to the movant's statement of undisputed facts, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Rule 56(e)(3). Defendants notified Thompson that if he failed to respond to their Rule 56.1 Statement, the Court might accept defendants' factual allegations as true or dismiss Thompson's claims without trial. See ECF Civil Docket # 60 (09/01/11). The Second Circuit has held that such notice is sufficient. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam) (affirming unopposed summary judgment grant where pro se plaintiff had similar notice). Therefore, the Court considers defendants' Rule 56.1 Statement, which relies mostly on statements from plaintiff's own deposition, undisputed.

Thompson's claims for unlawful arrest and malicious prosecution are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under the Supreme Court's ruling in Heck, a prisoner plaintiff in state custody seeking relief under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove" that the conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Id. If a judgment in favor of the § 1983 plaintiff "would necessarily imply the invalidity of his conviction . . . the complaint must be dismissed." Id. at 487. Thompson has not shown that he has even challenged his conviction for unlawful gun possession, and his malicious prosecution claim fails as a matter of law. See Duamutef v. Morris, 956 F. Supp. 1112, 1116 (S.D.N.Y. 1997) (Sotomayor, J.) (barring malicious prosecution claim that officers framed plaintiff based on his membership in New African Liberation movement). Although a claim for unlawful arrest may not be Heck-barred if there is independent, non-tainted evidence supporting the conviction,

there is no additional evidence in Thompson's case. Suppressing the gun seized at the time of Thompson's arrest would eliminate the only evidence supporting his conviction for unlawful gun posession; therefore, Heck bars his false arrest claim. Cf. Covington v. City of New York, 171 F.3d 117, 123 (2d Cir. 1999) (remanding to determine if false arrest claim necessarily implied invalidity of conviction). The Court grants defendants' motion for summary judgment on these two claims. See Def. Mot. Summ. J. at 7-9.

Defendants also move for summary judgment on plaintiff's claims against Detective Richard Keane. Id. at 9-10. Thompson does not allege that Keane was involved or responsible for his arrest or alleged beating. See Roland v. Smith, 2012 WL 601071, at *4 (S.D.N.Y. Feb. 22, 2012) (Marrero, J.) (dismissing defendants who plaintiff did not allege were present at or participated in his beating). Thompson also informed the Court by letter that he "believe[d] that detective Richard Keane can be drop[p]ed from the Complaint" and agreed to drop claims against Keane in his deposition. See ECF Civil Docket # 31 (06/04/10); Rule 56.1 Statement ¶ 14 (citing deposition). Because Thompson has not alleged any basis for Keane's liability, the Court grants defendants' motion for summary judgment on plaintiff's claims against Keane.

Defendant New York City Transit Police moves for summary judgment on claims against it because it is a "non-suable entity" under Chapter 17 § 396 of the City Charter: "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency." The Court dismisses the NYTP and considers any claims alleged against it as against the City. See Abreu v. City of New York, 657 F. Supp. 2d 357, 361 n.2 (E.D.N.Y. 2009) (dismissing DOC as non-suable entity). However, by the summary judgment stage, Thompson has not advanced any evidence to demonstrate municipal liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658,

4

663 n.7 (1978) (respondeat superior not a basis for municipal liability under § 1983). Therefore, the Court grants summary judgment in favor of the City on plaintiff's claims. Thompson's state law claims against the City for assault and battery, which were not subject to this motion, survive.

Finally, the Court dismisses Thompson's attempted murder claim under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because there is no private cause of action for the alleged criminal law violation.

For the reasons stated above, the Court grants defendants' motion for partial summary judgment on plaintiff's false arrest and malicious prosecution claims; his claims against Detective Keane; and his claims against the NYPD.

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge